# No. 23-10178

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

———————————

JASON ELLIOTT SMITH,
a.k.a. Bonnie Lashay, a.k.a. Stacey,

*Plaintiff-Appellant,*

v.

DELWYN GERALD WILLIAMS, Pastor

*Defendant-Appellee.*

———————————

On Appeal from the United States District Court of the Northern
District of Florida, No. 4:22-cv-00171-WS-MJF
Hon. William H. Stafford, Senior U.S. District Court Judge

———————————

## BRIEF FOR APPELLANT

———————————

Devi M. Rao                         Hannah T. Nguyen
Benjamin Gunning                    KING & SPALDING LLP
RODERICK AND SOLANGE                1700 Pennsylvania Avenue NW
MACARTHUR JUSTICE CENTER            Washington, DC 20006
501 H Street NE, Suite 275          (202) 626-9112
Washington, DC 20002                hnguyen@kslaw.com
(202) 869-3434

*Counsel for Appellant Jason Smith*

April 12, 2023

*Jason Smith v. Delwyn Williams*, No. 23-10178

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

The undersigned hereby certifies the following list of trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that may have an interest in the outcome of this appeal:

1. Frank, Michael J., U.S. Magistrate Judge

2. Gunning, Benjamin

3. Nguyen, Hannah T.

4. Rao, Devi M.

5. Roderick & Solange MacArthur Justice Center

6. Smith, Jason Elliott (a/k/a Bonnie Lashay a/k/a Stacey)

7. Stafford, William, U.S. Senior District Judge

8. Williams, Delwyn Gerald

Pursuant to Eleventh Circuit Rule 26.1-3, the undersigned further certifies that no publicly traded company or corporation has an interest in the outcome of the case or appeal.

*Jason Smith v. Delwyn Williams*, No. 23-10178

Date: April 12, 2023

s/ *Hannah T. Nguyen*

Hannah T. Nguyen
KING & SPALDING LLP
1700 Pennsylvania Avenue NW
Washington, DC 20006
(202) 626-9112
hnguyen@kslaw.com

*Counsel for Appellant*

## STATEMENT REGARDING ORAL ARGUMENT

In *Andrews v. Persley*, 669 F. App'x 529, 530 (11th Cir. 2016) (per curiam), this Court held that the Prison Litigation Reform Act does not override a plaintiff's right to unilaterally dismiss his complaint pursuant to Federal Rule of Civil Procedure 41(a).  At least two district courts, including the district court in this case, have failed to follow *Andrews*. *See Wilson v. Beardon*, No. 3:20cv5260/LAC/EMT, 2020 WL 3105554 (N.D. Fla. May 8, 2020), *report and recommendation adopted*, 2020 WL 3104054 (N.D. Fla. June 11, 2020); *Paulcin v. Inch*, No. 4:20cv470-WS/MJF, 2021 WL 66612 (N.D. Fla. Jan. 7, 2021).  Appellant respectfully requests that this Court grant oral argument, vacate the district court's judgment, and affirm the *Andrews* rule in a published opinion. *See, e.g.*, *Danglar v. Dep't of Corr.*, 50 F.4th 54 (11th Cir. 2022) (holding oral argument in case with no appellee and reversing in published opinion); *Troville v. Venz*, 303 F.3d 1256 (11th Cir. 2002) (per curiam) (same).  If this Court believes that adversarial briefing and oral argument would be helpful before issuing a published opinion, Appellant would not object. *See, e.g.*, *Johnson v. 27th Ave. Caraf, Inc.*, 9 F.4th 1300 (11th Cir. 2021)

(appointing amicus in appeal arising from pre-service dismissal of a complaint).

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS  AND
CORPORATE DISCLOSURE STATEMENT ...............................C-1

STATEMENT REGARDING ORAL ARGUMENT...................................i

TABLE OF AUTHORITIES......................................................................iv

STATEMENT OF JURISDICTION...........................................................1

INTRODUCTION .....................................................................................1

STATEMENT OF THE ISSUE .................................................................4

STATEMENT OF THE CASE ..................................................................4

STANDARD OF REVIEW........................................................................7

SUMMARY OF ARGUMENT ..................................................................8

ARGUMENT ...........................................................................................11

I.     The district court plainly erred in denying Mr. Smith his
right to voluntarily dismiss his complaint. ...................................11

II.    Allowing the district court's plainly erroneous judgment
to stand would result in a miscarriage of justice...........................19

CONCLUSION .......................................................................................24

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES*

## Cases

*Absolute Activist Value Master Fund Ltd. v. Devine*,
  998 F.3d 1258 (11th Cir. 2021).................................................10, 15, 19

*\*Andrews v. Persley*,
  669 F. App'x 529 (11th Cir. 2016) ...............................................*passim*

*Bloodworth v. Timmerman-Cooper*,
  No. 10-cv-926,
  2011 WL 1740031 (S.D. Ohio May 5, 2011).......................................23

*Burch v. P.J. Cheese, Inc.*,
  861 F.3d 1338 (11th Cir. 2017)...........................................................20

*Burlison v. McDonald's Corp.*,
  455 F.3d 1242 (11th Cir. 2006)............................................................8

*\*Daker v. Comm'r, Ga. Dep't of Corr.*,
  820 F.3d 1278 (11th Cir. 2016)....................................................*passim*

*Dobbs v. Costle*,
  559 F.2d 946 (5th Cir. 1977)..........................................................1, 16

*Giovanno v. Fabec*,
  804 F.3d 1361 (11th Cir. 2015)...........................................................17

*Harris v. Bridges*,
  No. 22-cv-1377-bhl,
  2023 WL 1415631 (E.D. Wis. Jan 31, 2023) .......................................23

*Hines v. Graham*,
  320 F. Supp. 2d 511 (N.D. Tex. 2004) .................................................21

*Jones v. Bock*,
  549 U.S. 199 (2007)................................................................15, 16, 17

---

\* Authorities upon which Appellant chiefly relies are marked with asterisks.

iv

*Leatherman v. Tarrant Cnty.*
*Narcotics Intelligence & Coordination Unit,*
507 U.S. 163 (1993) ................................................................ 15

*Mangram v. Darden,*
No. 2:16-cv-49,
2016 WL 7366883 (S.D. Ga. Dec. 19, 2016) ........................ 15

*Matthews v. Gaither,*
902 F.2d 877 (11th Cir. 1990) .......................................... 12, 19

*Neu v. Adams Cnty. Jail,*
No. 1:12-cv-185,
2012 WL 3878717 (S.D. Ohio Sept. 6, 2012) ........................ 22

*Neu v. Adams Cnty. Jail,*
No. 1:12-cv-185,
2012 WL 5378303 (S.D. Ohio Oct. 31, 2012) ........................ 23

*Nichols v. United States,*
578 U.S. 104 (2016) .......................................................... 2, 14

*Peters v. Kauai Cmty. Corr. Facility,*
No. 22-cv-512,
2023 WL 363050 (D. Haw. Jan. 23, 2023) ............................ 23

*Roy v. Ivy,*
53 F.4th 1338 (11th Cir. 2022) ........................................... 8, 20

*Thomas v. Phillips,*
83 F. App'x 661 (5th Cir. 2003) ............................................ 19

*Thompson v. Drug Enforcement Admin.,*
492 F.3d 428 (D.C. Cir. 2007) .............................................. 23

*United States v. Trainor,*
376 F.3d 1325 (11th Cir. 2004) ............................................ 20

*Univ. of S. Ala. v. Am. Tobacco Co.,*
168 F.3d 405 (11th Cir. 1999) ............................... 7, 12, 19, 20

*Vasconcelo v. Miami Auto Max, Inc.*,
    981 F.3d 934 (11th Cir. 2020) ........................................................... 15

*Wells v. Brown*,
    58 F.4th 1347 (11th Cir. 2023) ......................................................... 23

## Statutes

8 U.S.C. § 1329 ................................................................................ 17

28 U.S.C. § 1291 ................................................................................. 1

28 U.S.C. § 1331 ........................................................................... 1, 4

28 U.S.C. § 1346 ................................................................................ 4

28 U.S.C. § 1915 ..................................................................... *passim*

28 U.S.C. § 1915A ......................................................................... 5, 7

31 U.S.C. § 3730 ............................................................................. 18

42 U.S.C. § 1983 ....................................................................... 1, 4, 5, 22

42 U.S.C. § 1997e(g) ...................................................................... 17

## Rules

11th Cir. R. 3-1 ......................................................................... 8, 20

*Fed. R. Civ. P. 41(a) ............................................................. *passim*

## Other Authorities

9 Wright & Miller,
    Federal Practice and Procedure § 2363 (4th ed.).................................. 17

## STATEMENT OF JURISDICTION

Jason Smith filed this action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Northern District of Florida. Doc. 1. The district court had jurisdiction over this matter pursuant to 28 U.S.C. § 1331. The district court dismissed Mr. Smith's Complaint and entered a final judgment on November 29, 2022. Docs. 16, 17. Mr. Smith requested and received an extension until January 12, 2023, to file a notice of appeal. Docs. 18, 19. Mr. Smith timely filed his Notice of Appeal with his correctional facility's internal mailing system on January 12, 2023. Docs. 20, 21. Because the district court's order was final and Mr. Smith's Notice of Appeal was timely filed, this Court now has jurisdiction over the matter pursuant to 28 U.S.C. § 1291.

## INTRODUCTION

In *Daker v. Commissioner, Georgia Department of Corrections*, 820 F.3d 1278, 1283 (11th Cir. 2016), this Court instructed district courts interpreting the Prison Litigation Reform Act (PLRA) to "(1) Read the statute; (2) read the statute; (3) read the statute!" (quoting *Dobbs v. Costle*, 559 F.2d 946, 948 n.5 (5th Cir. 1977)). As the *Daker* Court explained, perceived policy arguments concerning the purpose of the PLRA cannot "overcome the clarity [found] in the statute's text." *Id.* at

1286 (quoting *Nichols v. United States*, 578 U.S. 104, 112 (2016)).   In *Andrews v. Persley*, 669 F. App'x 529, 530 (11th Cir. 2016) (per curiam), the Court applied that principle to hold that the PLRA does not override a plaintiff's right to unilaterally dismiss his complaint pursuant to Federal Rule of Civil Procedure 41(a).  There is "no language in the PLRA indicating Congress' intent to override Rule 41(a)'s operation in the prisoner litigation context."  *Andrews*, 669 F. App'x at 530.  And, absent such language, courts may not "rewrite the text to match [their] intuitions about unstated congressional purposes."  *Id.* (quoting *Daker*, 820 F.3d at 1286).

The magistrate judge and district court in this case failed to acknowledge *Andrews* or *Daker* and reached the exact opposite conclusion, under circumstances nearly identical to those in *Andrews*. Prior to service of the defendant, Appellant Jason Smith moved to voluntarily dismiss his case, consistent with Federal Rule of Civil Procedure 41(a)(1)(A)(i).  That Rule provides that a "plaintiff may dismiss an action without a court order" by filing a notice of dismissal before the opposing party answers or files for summary judgment.  And according to *Andrews*, the fact that Mr. Smith was an incarcerated plaintiff had no

bearing on his ability to dismiss under that Rule. The district court plainly erred by failing to give Mr. Smith's dismissal immediate effect and, instead, referring the matter to the magistrate judge.

Relying on his own intuitions about the PLRA's policy goals, the magistrate judge concluded that the PLRA "trumped" the right of Mr. Smith to voluntarily dismiss his case. Adopting that erroneous conclusion, the district court denied Mr. Smith's motion and dismissed his case for failure to state a claim. The consequence of that dismissal is that Mr. Smith has improperly incurred a "strike" under the three-strikes provision of the PLRA, 28 U.S.C. § 1915(g).

The district court's refusal to effectuate Mr. Smith's motion to voluntarily dismiss this action was error, and the interests of justice demand this Court's intervention. The district court, in failing to acknowledge the most relevant authorities from this Court, adopted a plainly wrong conclusion on a pure issue of law. This error must be corrected to avoid a miscarriage of justice—namely, forcing Mr. Smith, a *pro se* prisoner litigant, to incur an unwarranted strike under the PLRA. This Court should vacate the district court's judgment of dismissal for failure to state a claim and remand with instructions to treat the case as

voluntarily dismissed as of October 7, 2022, when Mr. Smith filed his notice of dismissal.

## STATEMENT OF THE ISSUE

In *Andrews v. Persley*, 669 F. App'x 529, 530 (11th Cir. 2016) (per curiam), the Eleventh Circuit held that the PLRA does not override a plaintiff's right to voluntarily dismiss his case under Rule 41(a). Did the district court plainly err in denying Mr. Smith his right to voluntarily dismiss his case based on its intuitions about the purpose of the PLRA?

## STATEMENT OF THE CASE

Appellant Jason Smith is incarcerated at Columbia Correctional Institution in Lake City, Florida. Doc. 1 at 2. Mr. Smith, proceeding *pro se* and *in forma pauperis*, sued Delwyn Gerald Williams, alleging that Mr. Williams, a pastor at Mr. Smith's childhood church, sexually abused him as a child. Doc. 1 at 5–6. Mr. Smith brought his action using the standardized "Civil Rights Complaint Form for Pro Se, Prisoner Litigants in Actions Under 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983." Doc. 1. Where asked to provide information about the defendant, Mr. Smith checked the box indicating that Mr. Williams was "Sued in Individual Capacity." Doc. 1 at 2. And where asked for the basis for jurisdiction, he

selected the box indicating that he was bringing suit against "State/Local Officials" in a "§ 1983 case." Doc. 1 at 4.

The district court assigned the matter to a magistrate judge, who screened Mr. Smith's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A. The magistrate judge issued a report and recommendation ("First R&R") recommending that Mr. Smith's complaint be dismissed for failure to state a plausible § 1983 claim because Mr. Williams was a private party. Doc. 11.

After the magistrate judge issued the First R&R, Mr. Williams filed a "Motion to Voluntarily Dismiss the Case." Doc. 14 at 1. In that motion, Mr. Smith explained that he was "totally unaware" that the § 1983 "Civil Lawsuit Form" he filled out did not apply to his claims against Mr. Williams, a private individual. *Id.* Mr. Smith requested that the district court dismiss his case, asserting that if he had been aware that § 1983 did not apply to claims against private parties, he would never have filed the complaint "to waste the clerk of court[']s and [the magistrate judge's] time." *Id.* In the same document, Mr. Smith also filed a "Motion to Receive a Refund [of] Court Lien/Fees." *Id.*

5

Rather than treating Mr. Smith's voluntary dismissal as self-executing pursuant to Federal Rule of Civil Procedure 41(a)(1), the district court referred the matter to the magistrate judge, who issued another report and recommendation ("Second R&R"). Doc. 15. That R&R recommended denying Mr. Smith's motion to voluntarily dismiss. Although the magistrate judge acknowledged that Rule 41(a)(1)(A)(i) ordinarily allows a plaintiff to "dismiss an action without a court order by filing … a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment," it concluded that Mr. Smith's unilateral right to voluntarily dismiss the action under Rule 41(a) was "trumped" by the screening provisions of the PLRA. Doc. 15 at 3–4. The magistrate judge held that the PLRA "forecloses Plaintiff from unilaterally dismissing this case … to avoid accumulating a strike under the PLRA." *Id.* at 5–6. To allow Mr. Smith to exercise his right to unilaterally dismiss the action, the magistrate judge concluded, would "frustrate Congress's intent in enacting the PLRA, which is to discourage prisoners from filing baseless lawsuits." *Id.* at 6. The Second

6

R&R also recommended denial of Mr. Smith's request that the Court refund his filing fee.[1]

Mr. Smith did not object to the Second R&R. The district court then entered final judgment, adopting and incorporating by reference both R&Rs. Doc. 16. The district court, "[h]aving reviewed the record," agreed with the magistrate judge that Mr. Smith's claims were "due to be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim." *Id.* at 1. The district court also adopted the magistrate judge's recommendation that Mr. Smith's "Motion to Voluntarily Dismiss the Case" and "Motion to Receive a Refund [of] Court Lien/Fees" be denied. *Id.* at 2.

Mr. Smith then timely filed a notice of appeal. Docs. 20, 21.

## STANDARD OF REVIEW

Rulings on voluntary dismissals under Federal Rule of Civil Procedure 41(a) are subject to *de novo* review. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 408 (11th Cir. 1999). A district court's

---

[1] Mr. Smith does not challenge on appeal the district court's ruling on the refund issue.

7

interpretation of a federal statute is also reviewed *de novo*. *Burlison v. McDonald's Corp.*, 455 F.3d 1242, 1245 (11th Cir. 2006).

Legal conclusions contained in unobjected-to reports and recommendations issued by magistrate judges are reviewed for plain error when the interests of justice so require. 11th Cir. R. 3-1. "Under the civil plain error standard, [the Court] will consider an issue not raised in the district court if it involves a pure question of law, and if refusal to consider it would result in a miscarriage of justice." *Roy v. Ivy*, 53 F.4th 1338, 1351 (11th Cir. 2022) (internal quotation marks omitted).

## SUMMARY OF ARGUMENT

When Mr. Smith moved to voluntarily dismiss his complaint, the district court had no discretion to take any further action on the merits of Mr. Smith's case. Federal Rule of Civil Procedure 41(a)(1)(A)(i) allows plaintiffs to unilaterally dismiss an action without a court order prior to the opposing party serving an answer or motion for summary judgment. That permission is limited only by Rules 23(e), 23.1(c), 66, and "any applicable federal statute." Fed. R. Civ. P. 41(a)(1)(A). And as this Court explained in *Andrews*, the PLRA does not alter the operation of Rule 41(a) in the prisoner litigation context because the statute contains "no

language ... indicating Congress' intent to override Rule 41(a)'s operation." 669 F. App'x at 530.

In reaching the opposite conclusion, the district court failed to heed this Court's decision in *Andrews*. According to the Second R&R, the PLRA "trump[s]" the right of a plaintiff to voluntarily dismiss after the Court has screened the merits of the case. Failing to cite any language in the PLRA to support that proposition, the Second R&R opined that allowing Mr. Smith to voluntarily dismiss would "frustrate" the purpose of the PLRA.

That is precisely the type of judicial policymaking that this Court has rejected, first in *Daker*, 820 F.3d at 1286, and again in *Andrews*, 669 F. App'x at 530. In *Daker*, 820 F.3d at 1285, this Court rejected the argument that a dismissal for want of prosecution counts as a strike under the PLRA. While the *Daker* Court acknowledged that its holding could permit prisoners to "file unlimited frivolous appeals and avoid getting strikes by declining to prosecute the appeals," that policy concern did not authorize the Court to "rewrite the text to match [its] intuitions about unstated congressional purposes." *Id.* at 1286.

9

And when faced with similar policy concerns arising from an incarcerated plaintiff's attempt to voluntarily dismiss his case, this Court once again held that such concerns cannot overcome the plain text of the PLRA. *Andrews*, 669 F. App'x at 530 ("It follows that if failure to prosecute an appeal does not count as a PLRA 'strike,' neither does the voluntary dismissal of an action pursuant to Rule 41(a)."). The *Andrews* Court restated its duty to read "the statute Congress enacted," quoting *Daker*, 820 F.3d at 1286, and found "no language in the PLRA indicating Congress' intent to override Rule 41(a)'s operation in the prisoner litigation context." 669 F. App'x at 530. Put simply, the PLRA says nothing about any limitation of Rule 41(a), and the district court violated the commands of *Daker* by reading such a limitation into existence.

Because the district court ignored this Court's decision in *Andrews*, as well as the controlling authorities that *Andrews* relied on, this Court should intervene. This Court has instructed that a notice of voluntary dismissal "immediately deprive[s] [the district court] of jurisdiction over the merits of the case." *Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1265 (11th Cir. 2021). In declining to effectuate Mr. Smith's motion to voluntarily dismiss, the district court acted

10

directly contrary to this Court's authorities.  This error preceded the issuance of the Second R&R, and the district court's later adoption of that R&R does not insulate its error from this Court's review.  And even if this Court reviews only for plain error, Mr. Smith makes that showing.  Allowing the district court's order to stay in place will cause Mr. Smith, a *pro se* prisoner, to incur a strike under the PLRA.  If left to stand, Mr. Smith would be forced to bear the cost of the district court's plain error on a pure question of law.  Such a penalty imposed on Mr. Smith, who attempted to voluntarily dismiss this action in good faith, offends the interests of justice and demands correction.

The district court's denial of Mr. Smith's motion for voluntary dismissal and dismissal of Mr. Smith's case for failure to state a claim were in error.  The Court should vacate the district court's judgment and remand with instructions to treat the action as voluntarily dismissed.

## ARGUMENT

### I.  The district court plainly erred in denying Mr. Smith his right to voluntarily dismiss his complaint.

Mr. Smith's motion to voluntarily dismiss should have immediately terminated his case.  Fed. R. Civ. P. 41(a).  That motion was self-executing, and no provision of the PLRA authorized the district court to

11

deny that motion or refer it to a magistrate judge for further consideration. And this Court's decisions in *Daker* and *Andrews* expressly rejected the logic that the magistrate judge applied in recommending denial of Mr. Smith's motion. As the *Andrews* Court explained, nothing in the text of the PLRA limits the application of Rule 41(a) in the prisoner litigation context. The magistrate judge (and subsequently the district court, in adopting the Second R&R) plainly erred in reading such a limitation into the law.

Federal Rule of Civil Procedure 41(a)(1)(A)(i) entitles a plaintiff to "dismiss an action *without a court order* by filing … a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." (emphasis added). Generally, a "Rule 41(a)(1) voluntary dismissal is effective immediately and requires no action by the district court." *Univ. of S. Ala.*, 168 F.3d at 409. And regardless of whether the plaintiff's request to voluntarily dismiss is styled as a "notice" or "motion," the district court is without discretion to refuse to effectuate such a dismissal. *See Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) (per curiam).

That right to unilaterally dismiss under Rule 41(a)(1)(A) is limited only by certain enumerated rules (none of which apply here) or an "applicable federal statute," Fed. R. Civ. P. 41(a)(1). This Court has already determined (albeit in a non-precedential opinion) that the PLRA is not such a statute. *Andrews*, 669 F. App'x at 530. In *Andrews*, this Court considered whether Mr. Andrews, an incarcerated plaintiff, could voluntarily dismiss his action after a magistrate judge had recommended dismissal for lack of proper venue. The district court had denied Mr. Andrews' post-screening motion to voluntarily dismiss, reasoning that "prisoners cannot exercise their right to a voluntary dismissal in the face of an adverse Magistrate Judge's recommendation because doing so would allow the prisoner to 'exploit' Rule 41(a) and avoid receiving a 'strike' under the PLRA's three-strikes provision." *Id.* at 529. On appeal, the *Andrews* Court rejected that attempt by the district court "to further the purposes of the 'three-strikes provision' of the [PLRA]." *Id.* The Court found "no language in the PLRA indicating Congress' intent to override Rule 41(a)'s operation in the prison litigation context." *Id.* at 530. And in the absence of such language, perceived policy concerns did not allow the district court to "rewrite the text to match [its] intuitions

about unstated congressional purposes." *Id.* (quoting *Daker*, 820 F.3d at 1286).

Though *Andrews* is unpublished, the *Andrews* Court acknowledged that its holding was controlled by its earlier, binding decision in *Daker*. In *Daker*, the Court held that "want of prosecution" did not count as a strike under the PLRA. The *Daker* Court recognized that its faithful reading of the statute meant "that a prisoner can file unlimited frivolous appeals and avoid getting strikes by declining to prosecute the appeals after his petitions to proceed *in forma pauperis* are denied." 820 F.3d at 1286. But "even the most formidable argument concerning the [PLRA's] purposes" cannot overcome clarity in the statute's text. *Id.* (quoting *Nichols*, 578 U.S. at 112). The *Andrews* Court applied that rule and concluded that in a conflict between the "literal operation of Rule 41(a)(1)," 669 F. App'x at 530, on the one hand, and the PLRA's purpose of deterring frivolous lawsuits on the other, *Daker* prohibits district courts from opting to enforce the PLRA policy. *Id.* ("It follows that if failure to prosecute an appeal does not count as a PLRA 'strike,' neither does the voluntary dismissal of an action pursuant to Rule 41(a)."). *Daker* and *Andrews* are in accord with the broader rule that "courts should

14

generally not depart from the usual practice under the Federal Rules on the basis of perceived policy concerns." *Jones v. Bock*, 549 U.S. 199, 212 (2007); *see also, e.g.*, *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993) (rejecting argument that policy concerns altered Rule 8 pleading standards); *Vasconcelo v. Miami Auto Max, Inc.*, 981 F.3d 934, 944 (11th Cir. 2020) (holding that FLSA does not create exception to normal application of Rule 68).

Accordingly, upon receiving Mr. Smith's motion to voluntarily dismiss, the district court was not authorized to do anything other than enter such a dismissal.[2] The district court plainly erred in failing to do so and instead forcing the case to proceed by way of referral to a

---

[2] The fact that Mr. Smith simultaneously sought relief related to a collateral matter, namely the refund of his filing fee, does not affect this analysis. Mr. Smith explicitly did *not* condition his motion to voluntarily dismiss on his motion for a refund of the filing fee. Doc. 14 at 1 (requesting "not only" to "dismiss the case" but "also" to receive a refund of the fee). And effectuating Mr. Smith's voluntary dismissal would not have deprived the district court of the ability to resolve his motion on the collateral fee issue. *See Absolute Activist Value Master Fund Ltd.*, 998 F.3d at 1266 (recognizing that when voluntary dismissal disposes of an entire action, district courts retain jurisdiction to resolve collateral issues); *Mangram v. Darden*, No. 2:16-cv-49, 2016 WL 7366883, at *1 (S.D. Ga. Dec. 19, 2016) (resolving filing fee issue after entering voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)).

magistrate judge. The magistrate judge, in issuing the Second R&R, compounded that error by failing to read and apply the statute as written. *See Daker*, 820 F.3d at 1283 (instructing courts interpreting the PLRA to "(1) Read the statute; (2) read the statute; (3) read the statute!") (quoting *Dobbs*, 559 F.2d at 948 n.5). Without ever citing to the text of the PLRA, the magistrate judge justified its conclusion that the PLRA "trump[s]" Rule 41(a)(1) by opining that "[a]llowing a voluntary dismissal—after this court has completed screening of the complaint and determined that the case is subject to dismissal—would enable Plaintiff to frustrate Congress's intent in enacting the PLRA, which is to discourage prisoners from filing baseless lawsuits." Doc. 15 at 6. That conclusion squarely contradicts this Court's decisions in *Andrews* and *Daker* and spurns the well-settled rule that perceived policy concerns do not authorize departure from the Federal Rules of Civil Procedure. *Jones*, 549 U.S. at 212.

Here, as in *Andrews*, the plain text of the PLRA does not authorize departure from the usual operation of Rule 41. Where Congress means to authorize departure from the Federal Rules of Civil Procedure, "it d[oes] so expressly." *Jones*, 549 U.S. at 216; *see also* 9 Wright & Miller,

16

Federal Practice and Procedure § 2363 (4th ed.) ("The provisions for voluntary dismissal in Rule 41(a)(1)(A) are expressly made subject to … any statute of the United States *requiring judicial approval of a dismissal*." (emphasis added)).   For example, in enacting 42 U.S.C. § 1997e(g), Congress explicitly stated its intent to deviate from ordinary procedure.   That provision of the PLRA permits a defendant to waive their right to reply to a prisoner complaint, and "such waiver shall not constitute an admission of the allegations contained in the complaint." § 1997e(g).   That language signals explicit departure from the usual operation of Federal Rule of Civil Procedure 55, pursuant to which allegations in a complaint are deemed admitted where the defendant does not reply.   *See Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) (per curiam) (observing that under Rule 55, defaulting defendants admit plaintiff's well-pleaded allegations of fact).   And critically, § 1997e(g)(1) applies "[n]otwithstanding any other law or rule of procedure."   *Jones*, 549 U.S. at 216 (quoting § 1997e(g)(1)).   Equally explicit language appears in other statutes where Congress has expressly signaled its intent to abrogate the Federal Rules, including Rule 41(a).   8 U.S.C. § 1329 ("No suit or proceeding for a violation of any of the

17

provisions of this subchapter shall be settled, compromised, or discontinued *without the consent of the court in which it is pending ... .*" (emphasis added)); 31 U.S.C. § 3730(b)(1) ("The action may be dismissed *only if the court and the Attorney General give written consent* to the dismissal and their reasons for consenting." (emphasis added)).

The Second R&R does not even attempt to specify a provision in which similar language appears. The three-strikes section of the PLRA that the R&R refers to, without directly citing, provides only that a prisoner may not proceed *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A separate subsection of the PLRA provides that "the court shall dismiss the case at any time if the court determines that ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). As this Court recognized in

*Andrews*, nothing in these provisions, or any other provision of the PLRA, enables courts to override the clear text of Rule 41.

Under the text of the PLRA and Rule 41(a), as well as this Court's decisions in *Andrews* and *Daker*, Mr. Smith was entitled to voluntarily dismiss his case under Rule 41(a)(1)(A)(i). The district court plainly erred in denying him the opportunity to do so.

## II. Allowing the district court's plainly erroneous judgment to stand would result in a miscarriage of justice.

The district court's error in failing to immediately treat Mr. Smith's case as voluntarily dismissed upon his notice, in itself, warrants vacatur of the district court's judgment. When Mr. Smith noticed his dismissal on October 7, 2022, his right to do so was "unconditional." *Matthews*, 902 F.2d at 880. And that dismissal was "self-executing" and "effective immediately," even without "action by the district court," *Univ. of S. Ala.*, 168 F.3d at 409. The district court erred as soon as it denied such effect to Mr. Smith's dismissal and attempted to exercise "jurisdiction over the merits of the case" of which it had already been deprived. *Absolute Activist Value Master Fund Ltd.*, 998 F.3d at 1265; *see also Thomas v. Phillips*, 83 F. App'x 661, 662 (5th Cir. 2003) ("The filing of a motion to dismiss under Rule 41(a)(1) ends the case, and any attempt to deny relief

19

on the merits and dismiss with prejudice is void."). This erroneous exercise of jurisdiction preceded the issuance of the Second R&R and the district court's adoption thereof, so Mr. Smith's failure to object to the Second R&R has no effect on this Court's standard of review. Holding otherwise would improperly permit a district court, acting without jurisdiction, to condition a plaintiff's previously unconditional right on the plaintiff's continued litigation of the issue over which the court no longer had jurisdiction.

But even if the plain-error standard applies, this Court may, and should in the interests of justice, vacate the district court's judgment. *See* 11th Cir. R. 3-1; *Roy*, 53 F.4th at 1351. This Court has explained that it "will consider an issue not raised in the district court if it involves a pure question of law, and if refusal to consider it would result in a miscarriage of justice." *Roy*, 53 F.4th at 1351 (quoting *Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1352 (11th Cir. 2017)). There is no doubt that the issue is a pure question of law. *See United States v. Trainor*, 376 F.3d 1325, 1330 (11th Cir. 2004) ("The proper interpretation of a statute … is a question of law … ."); *Univ. of S. Ala.*, 168 F.3d at 408 ("[A] voluntary dismissal under Fed. R. Civ. P. 41(a)(1) is a question of law … .").

20

Nor can there be any doubt that refusal to reverse would result in a miscarriage of justice. Mr. Smith is a *pro se* litigant who filed, and attempted to voluntarily dismiss, this action in good faith. And Mr. Smith had the law on his side—under *Andrews*, he was entitled to voluntarily dismiss his case. Had the district court properly treated Mr. Smith's Motion to Voluntarily Dismiss as self-executing, that motion would not have been subject to the R&R process at all; indeed, it was the district court, by continuing to entertain the merits of Mr. Smith's case, rather than the actions of Mr. Smith, that "unduly burden[ed] scarce judicial resources." Doc. 15 at 5 (quoting *Hines v. Graham*, 320 F. Supp. 2d 511, 527 (N.D. Tex. 2004)). Leaving the district court's order in place will effectively penalize Mr. Smith for the district court's failure to follow directly on-point authority, both controlling (*Daker*) and persuasive (*Andrews*), from this Court.

In particular, the district court's judgment will force Mr. Smith to incur a "strike" under the PLRA, which will count against him in any future attempts to vindicate his rights proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(g). According to the Second R&R, imposing a strike on Mr. Smith is necessary to effectuate Congress's purpose of deterring

prisoners from "filing baseless lawsuits." The district court exceeded its authority by allowing that abstract purpose to override the plain text of the statute, and it did so at the expense of an inexperienced *pro se* litigant who, the record reflects, brought this action based on a good faith misunderstanding of the scope of § 1983. As soon as Mr. Smith learned of his error, he sought to voluntarily dismiss this suit. Doc. 14. And in his own words, had he been aware that he was filing the "incorrect lawsuit for a private party, [he] would have never done so to waste the clerk of court[']s and [magistrate judge's] time." *Id*. There is no indication that Mr. Smith's motion was an attempt to "avoid accumulating a strike under the PLRA." Doc. 15 at 6. If anything, his motion was an effort to preserve judicial resources by requesting the immediate termination of his case.

In such circumstances, where the plaintiff is acting in good faith, other courts have found it inappropriate to impose a strike, even when they have followed purposive considerations rather than the statutory text. *See, e.g.*, *Neu v. Adams Cnty. Jail*, No. 1:12-cv-185, 2012 WL 3878717, at *3 (S.D. Ohio Sept. 6, 2012) (allowing voluntary dismissal where it did not appear that the plaintiff was "engaged in any form of

22

gamesmanship" or was "otherwise motivated to voluntarily dismiss his complaint in order to avoid a strike under § 1915(g)"), *report and recommendation adopted*, 2012 WL 5378303 (S.D. Ohio Oct. 31, 2012); *Bloodworth v. Timmerman-Cooper*, No. 10-cv-926, 2011 WL 1740031, at *4 (S.D. Ohio May 5, 2011) (allowing voluntary dismissal where it would not be inconsistent with the PLRA's purpose to deter frivolous prisoner litigation); *see also Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 439–40 (D.C. Cir. 2007) (declining to exercise discretion to deny IFP privileges where plaintiffs did not demonstrate lack of good faith or disregard for judicial resources).[3]

Without intervention by this Court now, Mr. Smith will incur—permanently—a strike that should not be imposed based on the plain text of Rule 41, the PLRA, and this Court's precedents. *See Wells v. Brown*, 58 F.4th 1347, 1360 (11th Cir. 2023) (en banc) (holding that subsequent

---

[3] Some courts even explicitly invite incarcerated plaintiffs to voluntarily dismiss following screening to avoid the imposition of a strike. *See, e.g.*, *Harris v. Bridges*, No. 22-cv-1377-bhl, 2023 WL 1415631, at *3 (E.D. Wis. Jan 31, 2023) ("Harris can also voluntarily dismiss this case to avoid the possibility of incurring a strike under § 1915(g)."); *Peters v. Kauai Cmty. Corr. Facility*, No. 22-cv-512, 2023 WL 363050, at *1 (D. Haw. Jan. 23, 2023) ("In the alternative, Peters may voluntarily dismiss this action pursuant to Fed. R. Civ. P. 41(a)(1), and this dismissal will not count as a strike under 28 U.S.C. § 1915(g).").

courts counting strikes are bound by "what the dismissing court actually did," even if erroneous (quoting *Daker*, 820 F.3d at 1284)).  This Court should vacate and remand to avoid the injustice of Mr. Smith incurring a strike due to the district court's plain error.

## CONCLUSION

Mr. Smith respectfully requests that the Court vacate the district court's judgment and remand the case with instructions to treat the case as voluntarily dismissed as of October 7, 2022, when Mr. Smith filed his motion to voluntarily dismiss.

Respectfully submitted,

*s/ Hannah T. Nguyen*

Devi M. Rao | Hannah T. Nguyen
Benjamin Gunning | KING & SPALDING LLP
RODERICK AND SOLANGE | 1700 Pennsylvania Avenue NW
MACARTHUR JUSTICE CENTER | Washington, DC 20006
501 H Street NE, Suite 275 | (202) 626-9112
Washington, DC 20002 | hnguyen@kslaw.com
(202) 869-3434 |
devi.rao@macarthurjustice.org |
ben.gunning@macarthurjustice.org |

*Counsel for Appellant Jason Smith*

April 12, 2023

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7) because it contains 4,982 words, excluding the parts exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionately spaced typeface using Microsoft Word Century Schoolbook 14-point font.

Date: April 12, 2023

*s/ Hannah T. Nguyen*
Hannah T. Nguyen

*Counsel for Appellant*

## CERTIFICATE OF SERVICE

On April 12, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system. All participants in this case are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

*s/ Hannah T. Nguyen*
Hannah T. Nguyen

*Counsel for Appellant*
